**NOT FOR PUBLICATION**

                      UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY

NATIONAL UNION FIRE INSURANCE    CIVIL ACTION NO. 10-347 (MLC)
COMPANY OF PITTSBURGH, PA.,
                                         **O P I N I O N**
    Plaintiff,

v.

EVANSTON INSURANCE COMPANY,

    Defendant.

    **THE COURT** writes exclusively for the parties, who are familiar with the facts underlying the action.  Those facts are thus recited here only sparingly.

    **BOTH** parties to this action, i.e., Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFIC"), and Defendant, Evanston Insurance Company ("Evanston"), insured a non-party entity, Budget Rent-A-Car ("Budget").  Evanston served as Budget's primary liability insurance carrier.  NUFIC served as Budget's excess liability insurance carrier.

    **BUDGET** was sued in an underlying action ("the Gousse Action"), which ultimately settled.  The instant action, which NUFIC brings against Evanston, relates to NUFIC's and Evanston's respective duties in and liabilities arising from the Gousse Action.  NUFIC seeks reimbursement for its attorney's fees and costs in the Gousse

Action, and seeks indemnification from Evanston for NUFIC's share of the damages in that action.

**NUFIC** now moves for summary judgment in its favor and against Evanston. (See dkt. entry no. 38, NUFIC Motion; dkt. entry nos. 38-56 & 38-57, Br. in Supp. of NUFIC Mot.) Evanston opposes the NUFIC Motion, and separately moves for summary judgment in its favor and against NUFIC. (See dkt. entry no. 42-1, Opp'n to NUFIC Mot.; dkt. entry no. 37, Br. in Supp. of Evanston Mot.) NUFIC opposes the Evanston Motion. (See dkt. entry no. 43, Opp'n to Evanston Mot.) The NUFIC Motion, the Evanston Motion, and the related papers are inextricably intertwined. The Motions rest on substantially similar recitations of facts and arguments of law.

**EVANSTON** separately objects -- i.e., separate and apart from its support for the Evanston Motion or its opposition to the NUFIC Motion -- to the Court's consideration of the evidence offered in support of the NUFIC Motion ("Objections"). (See dkt. entry no. 42-2, Objections; dkt. entry no. 51, Supplemental Objections.) The Objections concern over 50 exhibits, which constitute over one thousand pages of evidence. (See Objections at 2 (generally objecting to submission of evidence that was neither cited nor otherwise referenced in NUFIC's papers), 2-11 (specifically objecting to submission of "Exhibits 1-51 Attached To Affidavit Of Patrick Fredette"); Supplemental Objections at 2-4 (specifically

2

objecting to consideration of supplemental summary judgment evidence).) NUFIC opposes the Objections. (See dkt. entry no. 52, Opp'n to Objections; dkt. entry no. 54, Opp'n to Supplemental Objections.)

**THE COURT** notes that the Objections have not been properly presented. See L.Civ.R. 7.1(b)(1) ("Unless a Judge or Magistrate Judge advises the attorneys otherwise, all motions, regardless of their complexity and the relief sought, shall be presented and defended in the manner set forth in L.Civ.R. 7.1."). Specifically, Evanston failed to present the Objections upon a proper notice of motion. See L.Civ.R. 7.1(b)(2) (requiring movant to submit, inter alia, a notice of motion); see also L.Civ.R. 7.1(d)(1) ("No application will be heard unless the moving papers . . . are filed with the Clerk . . . .").

**THE COURT** nonetheless has determined that that the Objections should be heard, and should be resolved before the Court resolves the NUFIC Motion and Evanston Motion.[1] The Court will thus order Evanston to raise the Objections anew, upon a proper notice of motion, and deny both the NUFIC Motion and Evanston Motion. Such actions lie within the Court's inherent power to control the docket. See Landis v. N. Am. Co., 299 U.S. 248, 254, (1936); Rolo

---

[1] Because NUFIC responded to the Objections, it will not be prejudiced by their resolution.

v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991); see also Jackson v. Univ. of Pittsburgh, 141 F.R.D. 253, 254 (W.D. Pa. 1992) ("Trial courts have inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). When Evanston raises the Objections anew, it should move before the Magistrate Judge.

**THE COURT** has also determined that Evanston, when raising the Objections anew, should more thoroughly explain both the factual and legal basis for each Objection. Simply objecting to an exhibit "on the grounds of lack of authentication and hearsay", without providing the factual or legal support for that objection, is insufficient. (Objections at 4; see id. at 4-9.) Evanston, when moving anew to strike NUFIC's summary judgment evidence, must specifically set forth the factual basis for each objection and provide meaningful legal analysis.

**THE COURT** is mindful that preparing and opposing such arguments may require both parties to expend substantial time, effort, and cost. Thus, the parties should meet and confer, as required by the Local Civil Rules, before resubmitting this issue to the Court. See, e.g., L.Civ.R. 16.1(f)(1) ("Counsel shall confer to resolve any case management dispute. Any such dispute not resolved shall be presented . . . to the Magistrate Judge.")

4

**THE COURT,** for good cause appearing, will enter a separate Order.

                                              s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Date:     June 10, 2013